MARIETTA A. GATES, RESPONDENT, *v.* THE PENN FIRE INSURANCE COMPANY, APPELLANT.

*Policy of insurance — when company estopped by acts of agent.*

An agent of defendant having been informed that plaintiff wished to procure a policy of insurance upon a stable owned by him, had a conversation with him, in which plaintiff stated that he held the place under a contract, and that the vendor owed him enough to pay all that was due upon it. Subsequently the agent sent plaintiff a policy in which it was stated that the plaintiff was the owner. No written application was made or signed by plaintiff. The policy provides that the person procuring the insurance, other than the assured himself, should be deemed the agent of the assured. Plaintiff, at the time of the conversation, had no knowledge of the conditions or provisions of the policy.

In an action upon the policy the defense was a violation of a condition providing that if "the interest of the assured were any other than the entire, unconditional and sole ownership, it must be represented to the company and so expressed in the written part of this policy, otherwise the policy shall be void." *Held,*

(1) That as plaintiff was ignorant of the provision contained in the policy making the agent of the company his agent, he was entitled to treat him as the agent of the company.

(2) That as it was the duty of the agent to insert in the policy plaintiff's interest in the premises as it had been disclosed to him, the company was estopped from setting up his failure so to do as a defense to the action.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought upon a policy of insurance issued to one Volney J. Warren, and by him assigned to the plaintiff.

The policy insured Warren "on his farm building occupied by him as a livery, barn," etc. It also contained the following provisions:

"References being also had to the application of the assured, which forms part of this policy, and is a warranty on the part of the assured.

"If the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the assured, or if the building insured stands on leased ground, it must be represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void.

"It is expressly understood and agreed that the person or persons, if any other than the assured, who have procured this insurance to be taken by this company, shall be deemed the agent or agents of the assured, and not of this company, in any transactions relating to this insurance."

*F. W. Hubbard,* for the appellant.

*N. Whiting,* for the respondent.

MULLIN, P. J.:

By the evidence in this case it appears that a short time prior to the 16th June, 1874, Volney Warren applied to R. R. Browne, an insurance agent residing and doing business at Carthage, in Jeffer-

son county, to insure his livery stable, barn and dwelling-house, situate in the village of Carthage aforesaid.

Browne could not take the risk, and wrote E. J. Clark, defendant's agent, at Watertown, in said county, requesting him to take it. Clark went to Carthage, and on the morning of the 16th June met said Warren and told him he and Levi, an agent of said Clark, were round trying to get some policies and wanted to know if he (Warren) would like one. The rate that Clark would charge was then talked over. Clark asked him how his property stood, and W. told him he owned every thing free and clear, with the exception of $400 due on the contract, and that Warren, the vendor of the land owed him (W.) enough, if he paid it up, to have it all free and clear. W. further told C. that he had erected the buildings, and their cost.

It was also proved that Clark returned to Watertown, filled out the policy and sent it to Levi, who delivered it to Warren.

Warren had no knowledge of the contents or conditions of the policy when the conversation at Carthage was had with Clark.

The policy speaks of an application of the assured as forming a part of it, and as being a warranty on the part of the assured, but no application was produced or proved on the trial.

We must assume the fact to be that no application was made by the assured except a verbal one, and that the defendant's agent inserted in the policy a description of the property without the knowledge of the assured, and without stating therein the nature of the title or interest of the assured in the property communicated to him by Warren.

The assured, at the time he made the application to Clark to insure his property, had no knowledge of the provisions of the policy, and could not know that by it, Clark, in taking the application, was to be deemed his agent and not the agent of the company. He had the right to treat Clark as the agent of the company, and possessing the power to agree upon the amount of premium to be paid to fill up the policy and to deliver it to him as an operative instrument.

It was Clark's duty to insert in the policy the nature of Warren's interest in the property, as it had been disclosed to him, and failing to do it the defendant is estopped from objecting to the validity of the policy by reason of such omission. (*Baker* v.

*The Home Life Ins. Co.*, not reported, opinion by ALLEN, J.; *Insurance Co.* v. *Wilkinson*, 13 Wall., 222.)

But it is said that, by the terms of the policy, Clark was the agent of Warren, and not of the defendant. He would have been so had Warren known that the policy contained such a provision, but he did not.

He treated Clark, in the proceedings to effect an insurance, as the agent of the company, and gave him all the information necessary to enable him to propose a valid policy. Clark, if he had ever read the policy issued to a person insured by defendant, knew that he was not the agent of the defendant, but was the agent of the insured. The company, therefore, and not the insured, should bear the consequences of the blunder of the agent.

The conditions of the policy, as to the insertion therein of the notice of insured's interest in the property, if less than a fee, was never in force as between Warren and the defendant. It was never known or assented to by him. (*Rowley* v. *The Empire Ins. Co.*, 36 N. Y., 550.) The judgment must be affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.